IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Elaine Varoz,

        Plaintiff

vs.                        Case No.

National Check Processing, LLC,

        Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE
RELIEF
AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff, Elaine Varoz ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, National Check Processing, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendant contacted Plaintiff's place of employment on September 13, 2010 and disclosed to Plaintiff's supervisor the existence of a debt allegedly owed by Plaintiff. Defendant also falsely represented to Plaintiff's supervisor that

Plaintiff was under investigation for a felony in order to disgrace Plaintiff. (15 U.S.C. §§ 1692b(2), 1692c(b), 1692e(7), 1692e(10)).

12.     During the week of May 3-7, 2010 Defendant made repeated and continuous telephone calls to Plaintiff's place of employment, a time or place which Defendant knew or should have known to be inconvenient for Plaintiff, after Plaintiff had indicated to Defendant that such calls were inconvenient and contrary to the policies of Plaintiff's employer. These calls were made with the intent to harass, annoy, or abuse Plaintiff. (15 U.S.C. §§ 1692c(a)(3), 1692d(5)).

13.     Defendant, via its agent or employee "Investigator Freeman," contacted Plaintiff at her place of employment via cellular telephone on September 13, 2010 @ 10:00 A.M., a time or place which Defendant knew or should have known to be inconvenient for Plaintiff, and accused Plaintiff of stealing money. Defendant proceeded to yell at Plaintiff, stated that she was a thief, and falsely represented that Plaintiff would be prosecuted for check fraud. The natural consequence of Defendant's language was to abuse Plaintiff. (15 U.S.C. §§ 1692d(5), 1692e(7), 1692e(10)).

14.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I

15.     Plaintiff repeats and re-alleges each and every allegation contained

above.

16.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,


s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff